IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSRAM SYLVANIA PRODUCTS INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) <br> ) |
| v. | )    Civil No. 05-223 -E <br> ) |
| RICHARD ALBAUGH, PHILLIP L. SARVER, JOHN E. MCCOAN, and BARTON PROTECTIVE SERVICES LLC, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, Osram Sylvania Products, Inc., filed its Amended Complaint/RICO Case Statement on November 10, 2005. On December 7, 2005, Defendant AlliedBarton Security Services, improperly named as Barton Protective Services LLC t/a Allied Barton Security Services, LLC ("AlliedBarton") filed a Motion to Dismiss Plaintiff's RICO Case Statement/Amended Complaint (Doc. #16).

In its motion to dismiss, AlliedBarton moves to: (1) dismiss any claim brought against it pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"); (2) dismiss Plaintiff's vicarious liability claim against it; and (3) transfer this case to state court pursuant to 28 U.S.C. § 1367.

1. Dismissal of any RICO claim brought against AlliedBarton.

In its "Memorandum of Law in Response to Defendant AlliedBarton's Motion to Dismiss" ("Plaintiff's Opposition Brief"), Plaintiff states: "[n]o RICO claim has been asserted

against the moving defendant [AlliedBarton]." Plaintiff's Opposition Brief, p. 1. Given Plaintiff's concession that it is not stating a RICO claim against AlliedBarton, the Court finds that it is unnecessary to address substantively Defendant's arguments on this issue.

2. Dismissal of Plaintiff's vicarious liability claim against AlliedBarton.

In Plaintiff's Opposition Brief, Plaintiff states: "OSRAM does not oppose the dismissal of the vicarious liability count." Plaintiff's Opposition Brief, p. 1. Accordingly, Defendant's motion to dismiss Plaintiff's vicarious liability claim against it is GRANTED and said claim is dismissed with prejudice.

3. Transfer of remaining case to state court.

Plaintiff's remaining claims are as follows: (1) a civil RICO claim against defendants Albaugh, McCoan and Sarver; (2) a civil RICO conspiracy claim against Albaugh, McCoan and Sarver; (3) a conversion claim against Albaugh, McCoan and Sarver; (4) a common law conspiracy claim against Albaugh, McCoan and Sarver; and (4) a breach of contract claim against AlliedBarton. Defendant argues that this case should be transferred to state court because Plaintiff's state law claims substantially predominate over Plaintiff's federal law claims and a state court has concurrent jurisdiction to adjudicate Plaintiff's RICO claims. Defendant's Motion to Dismiss, ¶¶ 30-31.

28 U.S.C. § 1367 provides in relevant part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

. . .

2

> **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction.

Id. In Borough of West Mifflin v. Lancaster, 45 F.3d 780 (3d Cir.1995), the court explained:

> the "substantially predominates" standard of § 1367(c)(2) comes from [United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966)]. It is important to recognizance that this standard was fashioned as a limited exception to the operation of the doctrine of pendent jurisdiction - a doctrine that seeks to promote judicial economy, convenience, and fairness to litigants by litigating all claims that arise out of the same nucleus of operative fact. When a district court exercises its discretion not to hear state claims under § 1367(c)(2), the advantages of a single suit are lost. For that reason, § 1367(c)(2)'s authority should be invoked only where there is an important countervailing interest to be served by relegating state claims to state court. This will normally be the case only where "a state claim constitutes the real body of a case, to which the federal claim is only an appendage," Gibbs, 383 U.S. at 727, 86 S.Ct. at 1140 - only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.

Id. at 789.

We decline to grant Plaintiff's request that this case be transferred to state court because as explained by the Lancaster court: "nothing in § 1367(c) authorizes a district court to decline to entertain a claim over which it has original jurisdiction, and, accordingly, that section clearly does not sanction the district court's remand of this entire case, including the [federal] claims, to the state court." Id. at 787. Additionally, based upon a review of the facts alleged in Plaintiff's Amended Complaint/RICO Case Statement, Plaintiff's state law claims of conversion, conspiracy and breach of contract are based upon the same nexus of facts that give rise to Plaintiff's federal RICO claims. Therefore, the state law claims of

3

conversion, conspiracy and breach of contract do not substantially predominate over the claims which the district court has original jurisdiction in this case, as is required to invoke 28 U.S.C. § 1367(c)(2).

An appropriate Order follows:

## ORDER

AND NOW, this 23rd day of May, 2006, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant AlliedBarton Security Services, improperly named as Barton Protective Services LLC t/a Allied Barton Security Services, LLC's Motion to Dismiss (Doc. # 16) is GRANTED in part and DENIED in part. Defendant AlliedBarton's Motion to Dismiss is GRANTED to the extent it seeks dismissal of Plaintiff's vicarious liability claim against it. Plaintiff's vicarious liability claim against Defendant AlliedBarton is DISMISSED WITH PREJUDICE.  Defendant AlliedBarton's Motion to Dismiss is DENIED to the extent it seeks transfer of this matter to state court.

It is further hereby ORDERED, ADJUDGED, AND DECREED that the name "Barton Protective Services LLC, trading as Allied Barton Security Services, LLC" shall be deleted from the caption in this matter and replaced with the name "AlliedBarton Security Services."

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge